## IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF PENNSYLVANIA
### PITTSBURGH DIVISION

GARRICK WESLEY REED,                          )
                                              )     Case No. 2:25-cv-01919
      Petitioner,                        )
                                              )
  vs.                                     )     United States District Judge
                                              )     Christy Criswell Wiegand
WARDEN ALLEGHENY COUNTY                        )
JAIL and PENNSYLVANIA BOARD                    )
OF PROBATION AND PAROLE,                       )
                                              )     United States Magistrate Judge
      Respondents.                       )     Christopher  B. Brown
                                              )

## REPORT AND RECOMMENDATION

**Christopher B. Brown, United States Magistrate Judge**

### I.    Recommendation

For the following reasons, it is respectfully recommended the petition for writ of habeas corpus field by Garrick Wesley Reed be dismissed with prejudice for failure to prosecute.

### II.    Report

#### a.    Background

Reed initiated this case on December 9, 2025 by submitting a five-page "Petition for Writ of Habeas Corpus" under "Article I, Section 14 of the Pennsylvania Constitution and 28 U.S.C. § 2241 and 2254." ECF No. 1. The Petition was signed by Reed on 11/9/2025. *Id*. at 5. The Petition was "lodged" as it did not come with the filing fee or a motion for leave to proceed in forma pauperis. On March 4, 2026, Reed paid the filing fee, ECF No. 5, and the Petition was officially docketed at ECF No. 6. About a week later, Reed submitted a seven-page

1

handwritten Amended Petition, again under "Article I, Section 14 of the Pennsylvania Constitution and 28 U.S.C. § 2241 and 2254."  ECF No. 7.

On March 23, 2026, the undersigned issued a Deficiency Order informing Reed there were a number of problems with the Amended Petition.  ECF No. 8.  For example, Reed referenced being unlawfully detained on a "probation detainer" and also stated his speedy trial rights had been violated in a "related" pending criminal case.  Reed was directed to refile his claims on the Court-approved forms for a 2241 habeas petition (challenging detention prior to trial) or a 2254 petition (challenging a judgment of conviction) by April 24, 2026.  Reed was also informed, under the habeas statute, an application for habeas corpus shall not be granted unless the petitioner has exhausted all remedies available in state court and, from the face of the Amended Petition, it did not appear Reed had exhausted any of his claims.  Reed was informed failure to comply with this Order may result in the case being dismissed for failure to prosecute.  *Id.*

Because Reed did not refile his amended petition within the time required by the Order entered March 23, 2026, the undersigned issued an Order to Show Cause on May 29, 2026.  ECF No. 9.  Reed was ordered to respond to the show cause order by June 26, 2026 and was advised failure to comply with this Order may result in the recommendation the case be dismissed for failure to prosecute.  *Id.*  The time to comply with the Order to Show Cause has expired.  Reed has not responded to the Order to Show Cause, contacted the Court, or otherwise prosecuted this case.  The Order to Show Cause was mailed to Reed at his address of record and has not been

returned as undeliverable.  The Court has no reason to believe Reed did not receive it.

### b.    Discussion

Rule 41(b) of the Federal Rules of Civil Procedure addresses the involuntary dismissal of an action or a claim, and, under this rule, a District Court has the authority to dismiss an action sua sponte if a litigant fails to prosecute or to comply with a court order.  *See, e.g., Adams v. Trs. of New Jersey Brewery Employees' Pension Tr. Fund*, 29 F.3d 863, 871 (3d Cir. 1994).  In *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863 (3d Cir. 1984), the Court of Appeals for the Third Circuit set forth the following six factors to be weighed in considering whether dismissal is proper under Rule 41(b):

> (1)  the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritorious of the claim or defense.

*Id*. at 868 (emphasis omitted).  There is no "magic formula" or "mechanical calculation" to determine whether a case should be dismissed for failure to prosecute, *Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992), and not all of the six factors need to weigh in favor of dismissal before dismissal is warranted. *Hicks v. Feeney*, 850 F.2d 152, 156 (3d Cir. 1998).  Application of the *Poulis* factors is appropriate in the context of habeas cases as well as to civil rights actions. *Harlacher v. Pennsylvania*, No. 10-0267, 2010 WL 1462494, at *3 (M.D. Pa. Mar. 12,

2010), *report and recommendation adopted*, 2010 WL 1445552 (M.D Pa. Apr. 9, 2010) (applying *Poulis* to a habeas case).

Consideration of the factors listed above is as follows:

The first, third, and fourth *Poulis* factors (the extent of the party's personal responsibility, history of dilatoriness, and whether the conduct is willful) each weigh heavily against Reed. He did not comply with the Deficiency Order of March 23, 2026 or the Order to Show Cause of May 2, 2026. He has not communicated with the Court in any manner since March 12, 2026, when he filed the Amended Petition. Reed's failure to comply with Court orders "demonstrate[s] a willful disregard for procedural rules and court directives." *Doss v. United States*, No. 1:22-cv-00328, 2024 WL 759058, at *2 (W.D. Pa. Jan. 22, 2024), *report and recommendation adopted*, 2024 WL 757090 (W.D. Pa. Feb. 20, 2024).

The second *Poulis* factor assesses whether the adverse party has suffered prejudice because of the dilatory party's behavior. Here, the Amended Petition has not been served. There is no indication that any Respondent has been prejudiced unfairly by Reed's conduct. Therefore, this factor should not be weighed against Reed. Similarly, the sixth *Poulis* factor (the meritoriousness of his claim) should not be weighed either in favor or against Reed. All the Court has before it at this time are the allegations contained in the Amended Petition, ECF No. 7, to which Respondents have not had the opportunity to respond. Therefore the Court does not have enough information at this stage to determine whether Reed might ultimately prevail on his claims. However, even if the Court concluded the Amended Petition

4

presented viable claims, this factor cannot save Reed's case in the face of his non-compliance with the Court's instructions. *See Stephens v. Mosher,* Civil No. 3:22-cv-645, 2024 WL 1501801, at * 3 (M.D. Pa. Mar. 4, 2024) ("[Petitioner] cannot refuse to comply with court orders which are necessary to allow resolution of the merits of [his] claims, and then assert the untested merits of these claims as grounds for declining to dismiss the case.").

Finally, the fifth *Poulis* factor requires the Court to consider the effectiveness of sanctions other than dismissal. Dismissal is a sanction of last resort, and it is incumbent upon a court to explore the effectiveness of lesser sanctions before ordering dismissal. *Poulis*, 747 F.2d at 868. In general, however, "sanctions less than dismissal [are] ineffective when a litigant, such as [Reed], is proceeding pro se." *Lopez v. Cousins*, 435 F. App'x 113, 116 (3d Cir. 2011). *See also Brennan v. Clouse*, Civ. Act. No. 11-0146, 2012 WL 876228, at *3 (W.D. Pa. Mar. 14, 2012) ("Alternative sanctions, such as monetary penalties, are inappropriate as sanctions with indigent pro se parties."). Absent the ability to craft an effective monetary sanction, and given Reed's failure to respond to the Court's prior orders, the fifth factor weighs in favor of dismissal.

As the Court noted at the outset, "no single *Poulis* factor is dispositive," and "not all of the *Poulis* factors need be satisfied in order to dismiss a complaint." *Briscoe v. Klaus*, 538 F.3d 252, 263 (3rd Cir. 2008) (quoting *Mindek*, 964 F.2d at 1373). Nevertheless, the undersigned concludes that four of the six *Poulis* factors heavily support dismissal, with two factors weighing against. Upon balancing those

5

factors as they apply to this case, the Court finds the balance of the *Poulis* factors weighs in favor of dismissal.

## III.    Conclusion

For the reasons set forth above, it is respectfully submitted the Amended Petition be dismissed, with prejudice, for failure to prosecute, in light of the facts and circumstances of the case and the relevant factors under *Poulis* as set forth above.

Reed is permitted to file written specific objections to this Report and Recommendation to the assigned United States District Judge.  In accordance with 28 U.S.C. § 636(b)(1), Fed.R.Civ.P. 72(b)(2), and LCvR 72.D.2, written objections, if any, to this Report and Recommendation are due by **July 29, 2026**.  Reed is cautioned that failure to file Objections within this timeframe "will waive the right to appeal." *Brightwell v. Lehman*, 637 F.3d 187, 193 n.7 (3d Cir. 2011)(quoting *Siers v. Morrash*, 700 F.2d 113, 116 (3d Cir. 1983). *See also EEOC v. City of Long Branch,* 866 F.3d 93, 100 (3d Cir. 2017) (describing standard of appellate review when no timely and specific objections are filed as limited to review for plain error).

It is further recommended, to the extent that one is necessary, a certificate of appealability be denied.

Dated this 10th day of July, 2026.

Respectfully submitted,

s/Christopher B. Brown
Christopher B. Brown
United States Magistrate Judge

6

cc:    GARRICK WESLEY REED
135848
ALLEGHENY COUNTY JAIL
950 Second Avenue
Pittsburgh, PA 15219
(via U.S. First Class Mail)